IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TRAVIAN S. GREEN, )
　) 
　Petitioner, )
　)
v. ) CASE NO. CV410-175
　)
UNITED STATES OF AMERICA, )
　)
　Respondent. )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 17), to which objections have been filed (Doc. 19). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In her objections, Petitioner argues that "[t]he only way [counsel] could nail down the issue is for him to have asked 'Do you want to appeal?'" (Doc. 19 at 3.) This, however, ignores the very heart of the Supreme Court's reasoning in Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000). In Flores-Ortega, the Court opined that it would

be difficult to find counsel acted professionally unreasonable in a constitutional sense where

> a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal.

Id. The facts in this case are, at worst,[1] very akin to this illustration. Petitioner's objection basically asks the Court to utilize a bright-line-rule requiring counsel to directly ask his client if she wished to appeal. This would be the same rule that the Supreme Court expressly rejected in Flores-Ortega. Id. at 481 (rejecting bright-line approach that counsel must consult with defendant concerning appeal).

In short, the actions of Petitioner and her counsel, in light of the facts of this case and the low sentence imposed by the Court, leave little reason to "think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

---

[1] The Court notes that the Magistrate Judge only assumed counsel failed to consult with Petitioner concerning an appeal. (Doc. 17 at 13.)

2

demonstrated to counsel that he was interested in appealing." Id. at 480. Therefore, any failure by counsel to consult with Petitioner concerning an appeal does not serve to deprive Petitioner the effective assistance of counsel guaranteed by the Sixth Amendment. Accordingly, the Court finds that Petitioner's objections are without merit, and adopts the report and recommendation as its opinion in this case.

SO ORDERED this 23rd day of September 2013.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA